GEORGE W. SIMONS

*v.*

WILLIAM A. BUTTERS.

1. STATUTE OF LIMITATIONS—*acceptor of a bill of exchange—construction of limitation act of Nov.* 5, 1849. Under the limitation act of Nov. 5, 1849, an action against the acceptor of a bill of exchange, is barred after five years after such cause of action accrued.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

This was an action of assumpsit, brought by Butters, in the Superior Court of Chicago, Feb. 5th, 1868, against Simons, to recover upon two acceptances, bearing date respectively July 20th and 23d, 1855. Such proceedings were had that a judgment was rendered for the plaintiff, from which the defendant appealed.

Messrs. HUTCHINSON & LUFF, for the appellant.

Mr. W. T. BURGESS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by this record is, whether, in an action against the acceptor of a bill of exchange, the limitation under the act of March 5, 1849, is five years or sixteen.

The first section provides that, " all actions founded upon any promissory note, simple contract in writing,  *   *   *   or other evidence of indebtedness in writing, &c., shall be commenced within sixteen years, &c."

The second section of the same act, provides, among other things, that " all actions founded upon bills of exchange, orders, or upon promises not in writing, &c., shall be commenced within five years, &c."

It is urged by the appellant, that inasmuch as the acceptor of a bill of exchange stands in the same position as the maker of a promissory note, an action against him should be considered as governed by the first section, rather than by the second.  It may be quite true that no very good reason can be given for a discrimination between the two cases, but we can only say, thus the law is written.  That provides that *all* actions founded on bills of exchange, shall be commenced within five years.  This is, in every sense, an action founded on a bill of exchange.  No ingenuity of reasoning can make it otherwise.  It is within the terms of the statute, and must be governed by it.

*Judgment affirmed.*